State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: September 21, 2006            D-93-06
_____

In the Matter of PERRY S.
  REICH, a Suspended
  Attorney.

COMMITTEE ON PROFESSIONAL
  STANDARDS,
                    Petitioner;                    MEMORANDUM AND ORDER

PERRY S. REICH,
                    Respondent.
_____

Calendar Date:  September 5, 2006

Before: Mercure, J.P., Crew III, Spain, Mugglin and Rose, JJ.

   Mark S. Ochs, Committee on Professional Standards, Albany (Geoffrey E. Major of counsel), for petitioner.

   Mischel & Horn, P.C., New York City (Richard E. Mischel of counsel), for respondent.
_____

Per Curiam.

   Respondent was admitted to practice by the Appellate Division, Second Department in 1975. He maintained an office for the practice of law in Queens County.

   In August 2005, respondent was convicted in the United States District Court for the Eastern District of New York, after a jury trial, of obstruction of justice (see 18 USC § 1512 [c] [2]), making false statements to federal law enforcement officials (see 18 USC § 1001 [a] [2]), and forging a federal judge's signature (see 18 § USC 505), all of which are federal

-2-                    D-93-06

felonies. It appears from the indictment that respondent forged a court order in civil litigation in which he was a defendant, faxed a copy of the order to opposing counsel, and then made false statements to FBI agents who were investigating the matter. In March 2006, respondent was sentenced to 27 months in prison, to be followed by supervised release for two years. He was ordered to pay the following monetary penalties: $300 assessment, $6,000 fine, and $2,625 restitution.

By decision prior to respondent's sentencing, this Court found that respondent had been convicted of serious crimes and suspended respondent from the practice of law until such time as a final order could be entered pursuant to Judiciary Law § 90 (4) (g) (Matter of Reich, 25 AD3d 1063 [2006]). Petitioner now moves for such an order and we have heard respondent in mitigation.

Respondent's crimes strike at the heart of the administration of justice insofar as they include forgery of a judicial order and lying to FBI agents. Although respondent's career has included commendable years of private practice and public service, we conclude that, under all of the circumstances herein, respondent should be disbarred (see e.g. Matter of Henning, ___ AD3d ___, 819 NYS2d 540 [2006]).

Mercure, J.P., Crew III, Spain, Mugglin and Rose, JJ., concur.


ORDERED that petitioner's motion is granted; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or

-3- D-93-06

to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

ENTER:

*Michael J. Novack*
Michael J. Novack
Clerk of the Court

APPELLATE DIVISION SUPREME COURT - THIRD DEPARTMENT
STATE OF NEW YORK
I, MICHAEL J. NOVACK, Clerk of the Appellate Division of the Supreme Court, Third Judicial Department, do hereby certify that I have compared this copy with the original thereof filed in said office on SEP 21 2006 and that the same is a correct transcript thereof and of the whole said original.
IN WITNESS WHEREOF I have hereonto set my hand and affixed the seal of this Court on SEP 21 2006

*Michael J. Novack*